NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 18-2087

_____

UNITED STATES OF AMERICA

v.

HECTOR CISNEROS-IBARRA,
a/k/a Hector Ibarra Cisneros

Hector Cisneros-Ibarra,
Appellant

_____

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal Action No. 2-16-cr-00362-001)
District Judge: Honorable Joel H. Slomsky

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
April 16, 2019

Before: AMBRO, GREENAWAY, JR., and SCIRICA, Circuit Judges

(Opinion filed May 8, 2019)

_____

OPINION*

_____

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

AMBRO, Circuit Judge

This sentencing appeal arises out of Hector Cisneros-Ibarra's fourth conviction for unlawful reentry. In addition to his many offenses for illegal border-crossings, Cisneros-Ibarra has accrued four state convictions for DUI and three convictions for cocaine trafficking. In this case, once he pled guilty to his fourth unlawful reentry, his Guidelines range was 24 to 30 months in prison.

In the request at the center of this appeal, Cisneros-Ibarra asked the District Court for a lighter sentence on the ground that he was ineligible for certain prison rehabilitation programs as a removable alien. From the bench, the Court noted that it had "to consider the need to provide him with educational and vocational training and other correctional treatment in the most effective manner." App. 81. As a result, it stated it would "recommend to the U.S. Bureau of Prisons that he be afforded drug counseling and any educational and vocational training programs they could make available to him." *Id.* It ultimately sentenced him to 30 months' imprisonment, the top end of the Guidelines range. Cisneros-Ibarra has appealed on the ground that the Court failed to consider his argument about his inability to participate in rehabilitation programs.[1]

Because Cisneros-Ibarra failed to object to the sentence at the time, we review his challenge now for plain error. *United States v. Flores-Mejia*, 759 F.3d 253, 256 (3d Cir. 2014) (en banc). Thus he must show that (1) the Court erred, (2) the error was obvious, (3) it affected substantial rights, and (4) it affected the fairness, integrity, or public

---

[1] The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction per 18 U.S.C. § 3742 and 28 U.S.C. § 1291.

2

reputation of the judiciary. *Johnson v. United States*, 520 U.S. 461, 467 (1997); *United States v. Olano*, 507 U.S. 725, 732 (1993). Taking each item in turn, we will affirm the District Court.

First, the Court did not err in its treatment of rehabilitation at Cisneros-Ibarra's sentencing. A sentencing court must give "an explanation . . . sufficient for us to see that the particular circumstances of the case have been given meaningful consideration." *United States v. Levinson*, 543 F.3d 190, 196 (3d Cir. 2008). Faced with Cisneros-Ibarra's argument that he could not participate in certain rehabilitation programs, the Court stated that it would "recommend to the U.S. Bureau of Prisons that he be afforded drug counseling and any educational and vocational training programs they could make available to him." App. 81. This was consistent with the rule that "[a] sentencing court can recommend that the BOP place an offender in a particular . . . [rehabilitative] program." *Tapia v. United States*, 564 U.S. 319, 331 (2011) (emphasis deleted); *see also id.* at 334 ("A court commits no error by discussing the opportunities for rehabilitation within prison or the benefits of specific treatment or training programs."). And even though Cisneros-Ibarra is ineligible for some rehabilitative programs, he still may participate in, for example, the Parenting Program, the Drug Abuse Education Program, and the English-as-a-Second Language Program.

Second, as the District Court is not required to consider Cisneros-Ibarra's inability to avail himself of certain rehabilitation programs, there can be no obvious error. "[W]hen sentencing an offender to prison, the court shall consider all the purposes of punishment except rehabilitation — because imprisonment is not an appropriate means of

3

pursuing that goal." *Id.* at 328. Cisneros-Ibarra argues that this rule prohibits a district court only from *increasing* a sentence primarily in order to rehabilitate the defendant, not from *decreasing* the sentence due to unavailability of rehabilitation. But the permissibility of decreasing a sentence due to rehabilitation is still an open question, *see id.* at 329 n.5, so the District Court did not obviously err in failing to lighten Cisneros-Ibarra's sentence on this basis.

Third, any error by the District Court did not affect Cisneros-Ibarra's substantial rights. Put differently, there is not a reasonable probability that the Court would have changed its sentence had it better considered Cisneros-Ibarra's argument about rehabilitation. It discussed at length his demonstrated lack of respect for the rule of law and the need to deter future lawbreaking. Given his extensive record — four convictions for unlawful reentry, four state convictions for DUI, and three convictions for drug trafficking — a sentence at the top of the Guidelines range was warranted.

Fourth, for the same reason, affirming this 30-month sentence would not threaten the fairness or integrity of the judiciary.

Thus we affirm.